IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 26, 2013 at Knoxville

## CHARHELA WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3608      Cheryl Blackburn, Judge**

**No. M2012-01786-CCA-R3-PC - Filed April 5, 2013**

The Petitioner, Charhela Wilson, appeals as of right from the Davidson County Criminal Court's denial of her petition for post-conviction relief. The Petitioner contends that her pleas of nolo contendere to two counts of aggravated child neglect, a Class B felony, were not knowingly and voluntarily entered into due to the ineffective assistance of her trial counsel. See Tenn. Code Ann. § 39-15-402. However, the Petitioner's notice of appeal was untimely filed. Following our review, we conclude that the interest of justice does not require waiver of the timely filing requirement in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Kara Everett, Mt. Juilet, Tennessee, for the appellant, Charhela Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Brian Keith Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 2008, the Petitioner was indicted on two counts of aggravated child abuse of a child eight years of age or less and five counts of aggravated child neglect of a child eight years of age or less, both Class A felonies. See Tenn. Code Ann. § 39-15-402(a)-(b). On May 20, 2011, the Petitioner entered pleas of nolo contendere to two counts of aggravated child neglect of a child over the age of eight, a Class B felony, and received an effective twelve-year sentence to be served at 100%. To provide a factual basis for the pleas,

the State presented that the Petitioner had served as a foster parent to two children: one a toddler, just under two years old, and the other an infant, just under a year old. According to the State, the toddler, while in the Petitioner's care, suffered second degree burns to her buttocks and back. The Petitioner was aware of this injury for at least a week but failed to seek any medical treatment for the child. While under the Petitioner's care, the infant "lost considerable weight" and was later diagnosed with "failure to thrive."

In September 2011, the Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed on March 26, 2012. The gravamen of the petitions was that trial counsel pressured the Petitioner into accepting the plea agreement and failed to explain that her sentence was to be served at 100%. At the post-conviction hearing, lead counsel testified that the plea agreement the Petitioner accepted had originally been offered to her in January 2009 and that the Petitioner was well aware of the terms of the plea agreement and its sentencing consequences. Lead counsel denied that any of the Petitioner's attorneys pressured her into accepting the plea agreement. Lead counsel testified that the Petitioner reviewed the plea agreement with co-counsel and that they explained to her that her sentence was to be served at 100%. Co-counsel testified that she read through the plea agreement with the Petitioner and answered the Petitioner's questions about the plea agreement.

The Petitioner denied that her attorneys reviewed the plea agreement with her and that they explained to her that her sentence was to be served at 100%. The Petitioner testified that, despite having a college degree in criminal justice and having previously worked for a sheriff's department, she did not understand what she was pleading to or her sentence. The Petitioner further claimed that she was under the influence of blood pressure medication that made her dizzy and lightheaded during her pleas. The post-conviction court reviewed a transcript of the plea submission hearing with the Petitioner. The post-conviction court noted that during the plea submission hearing, the Petitioner denied that she was forced into her pleas or that her blood pressure medication affected her mental faculties, that the trial court explained to her several times that her sentence was to be served at 100%, that the Petitioner stated several times that she understood the offenses she was pleading to and what her sentence would be, that she stated that she did not have any questions for the trial court, and that she had no complaints about her attorneys' representation.

On July 6, 2012, the post-conviction court entered a detailed order denying the Petitioner post-conviction relief. On August 9, 2012, the Petitioner filed an untimely notice of appeal. The State argues that the Petitioner's appeal should be dismissed for being untimely filed and that the interest of justice does not require waiver of the requirement of a timely notice of appeal in this case. Tennessee Rule of Appellate Procedure 4(a) states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of

such document may be waived in the interest of justice." When determining whether waiver is appropriate, this court "will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

While the length of delay in seeking relief in this case was de minimis, that does not mean this court will summarily grant a waiver. Here, the Petitioner made no attempt to explain why the notice of appeal was untimely and made no mention of the issue other than to erroneously state in her brief that the notice of appeal was "timely filed . . . on August 9, 2012." The Petitioner failed to seek waiver of the late-filing of the notice of appeal in this court, and she made no reply to the State's argument that the appeal should be dismissed due to the untimely filing of the notice of appeal. Furthermore, the Petitioner presented no evidence at the post-conviction hearing that would have overcome the "strong presumption of verity" afforded to her statements at the plea submission hearing that her pleas were knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). As such, we conclude that the interest of justice does not warrant waiver of the notice of appeal requirement in this case. Accordingly, the Petitioner's appeal is dismissed.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE